# U.S. District Court [LIVE]
## Western District of Texas (El Paso)
## CRIMINAL DOCKET FOR CASE #: 3:22–mj–00057–MAT–1

Case title: USA v. Lira                               Date Filed: 01/12/2022

Assigned to: Judge Miguel A.
Torres

**Defendant (1)**

| | | |
|---|---|---|
| **Eric Lira** | represented by | **Mary Stillinger** |
| | | Attorney at Law |
| | | 401 Boston Avenue |
| | | El Paso, TX 79902 |
| | | (915) 775–0705 |
| | | Fax: 915/886–7178 |
| | | Email: stillingerlaw@sbcglobal.net |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | |
| | | **Alex A. Melendez** |
| | | Federal Public Defender |
| | | 700 E. San Antonio Avenue, D–401 |
| | | El Paso, TX 79901 |
| | | 915–534–6525 |
| | | Email: alex_melendez@fd.org |
| | | *TERMINATED: 01/18/2022* |
| | | *Designation: Public Defender or Community* |
| | | *Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|

CT 1: 21:331, 333, 2402 & 2403
INTERNATIONAL SPORTS
DOPING; CT 2: 18:371 & 2–
MISBRANDING CONSPIRACY

**Plaintiff**

**USA**                                    represented by   **Mallory Josephine Rasmussen**
                                                            U.S. Attorney's Office
                                                            700 E. San Antonio Ave.
                                                            Suite 200
                                                            El Paso, TX 79901
                                                            915–356–2228
                                                            Email: mallory.rasmussen@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/11/2022 | 1 | 4 | Arrest (Rule 5/Rule 32.1) of Eric Lira out of Southern District of New York, Case #21MAG12412. (mg2) (Entered: 01/13/2022) |
| 01/12/2022 | 2 | 15 | MOTION to Detain Defendant without Bond by USA as to Eric Lira. (mg2) (Entered: 01/13/2022) |
| 01/12/2022 | 3 | 17 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Eric Lira. Signed by Judge Miguel A. Torres. (mg2) (Entered: 01/13/2022) |
| 01/12/2022 | 4 | | Minute Entry for proceedings held before Judge Miguel A. Torres:Initial Appearance in Rule 5(c)(3)/ Rule 32.1 Proceedings as to Eric Lira held on 1/12/2022 (Minute entry documents are not available electronically.), Spanish Language Interpreter NOT required as to Eric Lira (Court Reporter ERO/ZOOM.) (mg2) (Entered: 01/13/2022) |
| 01/12/2022 | | | ORAL ORDER OF TEMPORARY DETENTION: NO BOND SET as to Eric Lira by Judge Miguel A. Torres. (mg2) (Entered: 01/13/2022) |
| 01/12/2022 | 5 | 18 | ORDER SETTING IDENTITY/ DETENTION HEARING **ZOOM** as to Eric Lira, ( Detention Hearing set for 1/18/2022 09:00 AM before Judge Miguel A. Torres,, Identity Hearing set for 1/18/2022 09:00 AM before Judge Miguel A. Torres,). Signed by Judge Miguel A. Torres. (mg2) (Entered: 01/13/2022) |
| 01/13/2022 | 6 | 19 | NOTICE OF ATTORNEY APPEARANCE Mallory Josephine Rasmussen appearing for USA. . Attorney Mallory Josephine Rasmussen added to party USA(pty:pla) (Rasmussen, Mallory) (Entered: 01/13/2022) |
| 01/13/2022 | 7 | | **DUPLICATE ENTRY**NOTICE OF ATTORNEY APPEARANCE Mallory Josephine Rasmussen appearing for USA. (Rasmussen, Mallory) Modified on 1/13/2022 (mv). (Entered: 01/13/2022) |
| 01/13/2022 | 8 | | NOTICE OF ATTORNEY APPEARANCE: Alex A. Melendez appearing for Eric Lira . Attorney Alex A. Melendez added to party Eric Lira(pty:dft) (Melendez, Alex) (Entered: 01/13/2022) |

| 01/14/2022 | 9 | 20 | MOTION to Substitute Attorney by Eric Lira. (Attachments: # 1 Proposed Order)(Stillinger, Mary) (Entered: 01/14/2022) |
|---|---|---|---|
| 01/18/2022 | | | Text Order GRANTING 9 Motion to Substitute Attorney as to Eric Lira (1) Entered by Judge Miguel A. Torres. (This is a text–only entry generated by the court. There is no document associated with this entry.) (fm) (Entered: 01/18/2022) |
| 01/18/2022 | | | Attorney Alex A. Melendez terminated as to Eric Lira. (fm) (Entered: 01/18/2022) |
| 01/18/2022 | 10 | | Sealed Document filed (mv) (Entered: 01/19/2022) |
| 01/18/2022 | | | ORAL WAIVER OF IDENTITY HEARING – Rule 5/Rule 32.1 as to Eric Lira. (mv) (Entered: 01/19/2022) |
| 01/18/2022 | 11 | | Minute Entry for proceedings held before Judge Miguel A. Torres:Preliminary Hearing as to Eric Lira held on 1/18/2022 PROBABLE CAUSE FOUND (Minute entry documents are not available electronically.), Detention Hearing as to Eric Lira held on 1/18/2022 BOND SET (Minute entry documents are not available electronically.), Due Process Protections Act Warning given in Open Court as to Eric Lira, Spanish Language Interpreter NOT required as to Eric Lira (Court Reporter ERO–ZOOM.) (mv) (Entered: 01/19/2022) |
| 01/18/2022 | | | ORAL ORDER DENYING 2 Motion to Detain Defendant without Bond. Bond set to $100K–C/CS as to Eric Lira (1)by Judge Miguel A. Torres. (mv) (Entered: 01/19/2022) |
| 01/18/2022 | 12 | | SEALED EXHIBITS by Eric Lira (mv) (Entered: 01/19/2022) |
| 01/21/2022 | 13 | 23 | Waiver of Identity Hearing by Eric Lira (Stillinger, Mary) (Entered: 01/21/2022) |
| 01/21/2022 | 14 | 24 | Appearance Bond Filed as to Eric Lira in amount of $ 100,000.00 CS. Receipt # NA. (Attachments: # 1 Unredacted bond)(lg1) (Entered: 01/21/2022) |
| 03/03/2022 | 15 | 38 | TRANSCRIPT REQUEST by USA as to Eric Lira for proceedings held on 1/18/2022 Proceedings Transcribed: Bail Hearing. (Rasmussen, Mallory) (Entered: 03/03/2022) |

**FILED**

January 12, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____Fidel Morales_____

DEPUTY

Approved: _____ _____
ANDREW C. ADAMS / SARAH MORTAZAVI
Assistant United States Attorneys

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

21MAG12412

EP: 22-m-57-mAT

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :   **SEALED COMPLAINT**

          - v. -                   :   Violation of
                                       21 U.S.C. § 331, 333,
ERIC LIRA,                         :   2402 & 2403; 18 U.S.C.
                                       §§ 371 & 2.
                    Defendant.     :

                                       COUNTY OF OFFENSE:
                                   :   NEW YORK

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

          RYAN SERKES, being duly sworn, deposes and says that
he is a Special Agent with the Federal Bureau of Investigation
("FBI"), and charges as follows:

**COUNT ONE**
**(International Sports Doping)**

          1.   From at least in or about June 2021, through in
or about July 2021, in the Southern District of New York and
elsewhere, ERIC LIRA, the defendant, knowingly carried into
effect, attempted to carry into effect, and conspired with any
other person to carry into effect a scheme in commerce to
influence by use of a prohibited substance and prohibited method
a major international sports competition, to wit, LIRA provided
multiple performance enhancing drugs, including human growth
hormone and erythropoietin, to athletes qualifying for and
intending to compete in the 2020 Tokyo Olympics, in violation of
Title 21, United States Code, Sections 2402 & 2403.

     (Title 21, United States Code, Sections 2402 & 2403; Title 18,
               United States Code, Section 2.)

4

2

## COUNT TWO
### (Misbranding Conspiracy)

2.    From in or about at least November 2020, through in or about July 2021, in the Southern District of New York and elsewhere, ERIC LIRA, the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 21, United States Code, Sections 331 and 333(a)(2).

3.    It was a part and an object of the conspiracy that ERIC LIRA, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did introduce and deliver for introduction, and would and did cause the introduction and delivery for introduction, into interstate commerce, misbranded drugs, as defined by 21 U.S.C. § 353(b)(1), in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

(Title 18, United States Code, Section 371.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4.    I am a Special Agent with the FBI and I have been involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## Background to the Rodchenkov Act and the FDCA

5.    On December 4, 2020, the President of the United States signed into law the Rodchenkov Act, Pub. L. 116-206, incorporated into Title 21 of the United States Code at sections 2401 through 2404 (the "Act"). The Rodchenkov Act prohibits any person, other than an athlete, to knowingly carry into effect, attempt to carry into effect, or conspire with any other person to carry into effect a scheme in commerce to influence by use of

3

a prohibited substance or prohibited method any major international sports competition. 21 U.S.C. § 2402.

6. A "major international sports competition" is defined in the Act as a competition: "(i) in which one or more United States athletes and three or more athletes from other countries participate; (ii) that is governed by the anti-doping rules and principles of the Code [defined below]; and (iii) in which (I) the competition organizer or sanctioning body receives sponsorship or other financial support from an organization doing business in the United States; or (II) the competition organizer or sanctioning body receives compensation for the right to broadcast the competition in the United States." 21 U.S.C. § 2401(5). The "Code" referred to above is defined as the World Anti-Doping Code most recently adopted by the World Anti-Doping Association ("WADA") on March 5, 2003. *See* 21 U.S.C. § 2401(3).

7. The Olympic Games, as they were convened in Tokyo, Japan, in the summer of 2021, were among the "major international sports competitions" covered by the Act.

8. The Act defines "prohibited substance" by reference to the United Nations Educational, Scientific, and Cultural Organization International Convention Against Doping in Sport done at Paris October 19, 2005, and ratified by the United States in 2008 (the "Convention"). *See* 21 U.S.C. § 2401(4), (7), (8). The Convention, in turn, includes a "Prohibited List" of substances as Annex I to the Convention. Among the substances on the Prohibited List are "anabolic agents," including testosterone and "any other substances with a similar chemical structure or similar biological effect(s)"; "Erythropoietins (EPO) and agents affecting erythropoiesis [*i.e.*, "blood builder" drugs intended to increase red blood cell count or oxygenation]; "peptide hormones and their releasing factors," including a category of "growth hormone[s]," Chorionic Gonadotrophin; and "Growth Factors and Growth Factor Modulators," including "Thymosin-β4 and its derivatives[,] e.g. TB-500.[1]  Each of the substances listed in this paragraph are expressly prohibited both "in- and out-of-competition."[2]

---

[1] *See* Convention, Annex I, *available at* https://unesdoc.unesco.org/ark:/48223/pf0000372368 (last visited December 22, 2021).

[2] A separate list of restricted substances are banned only "in competition."

4

9.    Based on my training and experience and my
discussions with other law enforcement officers, I am aware that
under the Federal Food Drug and Cosmetic Act ("FDCA"), 21 U.S.C.
§ 301, et seq. , and related regulations, which, among other
things, govern the manufacture and distribution of drugs,
including prescription drugs, for humans and animals, a drug may
be deemed "misbranded" or "adulterated" for any of several
reasons. Most relevant to the investigation described herein,
prescription drugs issued without a valid prescription are
deemed misbranded. *See* 21 U.S.C. § 353(b)(1).

## **The Investigation of Eric Lira**

10.    From my discussions with an individual
("Individual-1") who is an associate of two track and field
athletes ("Athlete-1" and "Athlete-2," respectively), I have
learned, among other things:

a.    On or about July 12 and 13, 2021,
Individual-1, at the request of Athlete-2, who was then outside
of the United States, entered a residence in the vicinity of
Jacksonville, Florida (the "Residence"), where Athlete-2 had
recently resided. Individual-1 intended to gather Athlete-2's
belongings and to transfer those belongings to a near-by storage
facility. At the time that Individual-1 entered the Residence,
Athlete-1 was abroad, training for the then-upcoming Tokyo
Olympics.

b.    Inside the residence, Individual-1 found and
photographed packages and vials that appeared to be various
performance enhancing drugs, including drugs on the Prohibited
List described above. Individual-1 subsequently provided those
photographs to the FBI. For example:

i. Individual-1 provided photographs of a United
States Postal Service parcel from "Eric Lira /
[redacted street address] / El Paso, TX" (the
"El Paso Address") with a particular telephone
number for Lira (the "Lira Number"). The same
parcel was addressed to Athlete-1 at an address
other than the address of the Residence.

ii. Individual-1 also provided photographs of the
content of that parcel, which was a single box

5

containing a drug appearing to have been manufactured by a Mexico-based company pharmaceutical company. The box was labeled: "Xerendip® Somatropina," and, in Spanish, "injectable." From my review of publicly available sources of information regarding the content and effect of various drugs, I have learned that somatropin (or, in Spanish, "somatropina") is a human growth hormone, which, as noted above, is among the prohibited substances on the Prohibited List.[3]

iii. Individual-1 also provided a photograph of a small, clear, sealable bag containing three vials of white powder. The bag was labeled "IGF [illegible] R3." From my experience in this case and from my conversations with other FBI agents working on separate investigations of performance enhancing substances, I know that "IGF" is an abbreviation for "insulin growth factor." Among the substances on the Prohibited List is "Insulin-like Growth Factor-1 (IGF-1) and its analogues."

iv. Individual-1 further provided a photograph of a box of 100 hypodermic needles, insulin injection needles, and various other drugs including A) a separate box of somatropin, also from what appears to have been a Mexico- or Central American pharmaceutical company, bearing the brand name "Humatrope;" and B) a box labeled as containing a "prefilled syringe"

---

[3] Subsequent to July 13, 2021, I obtained the same box of Xerendip from the storage locker into which Individual-1 moved this drug and other items, having obtained consent to enter the storage facility. Upon inspection of the box itself, I have noted that the box indicates, in Spanish, that the drug is to be administered only as prescribed by a physician ("Dosis: Lo que el médico señale."). I also received from the same storage locker a used box of a Mexico-manufactured, injectable erythropoietin drug, Alveritin. The box, which originally contained six vials of that substance, was found containing only one remaining vial. As described in more detail below, both the photographs of these categories of drugs provided by Individual-1 and the drugs that I obtained subsequent to July 13, 2021, are drugs of the same categories discussed in the course of communications between ERIC LIRA, the defendant, and Athlete-1.

6

holding .5 ml of "recombinant human
erythropoistin injection." This final drug's
box included a symbol representing that it is a
prescription drug, *i.e.*, "Rx."

11.    From my conversations with representatives of the
United States Anti-Doping Agency, and my review of data
contained on the cellular telephone of Athlete-1 (the "Athlete-1
Phone,", described in more detail below), I have learned, among
other things, that:

a.    On or about July 19, 2021, Athlete-1, who
was then in Slovakia preparing for the upcoming Tokyo Olympics,
underwent an out-of-competition blood collection for purposes of
drug testing by the Athletics Integrity Unit, a body charged
with ensuring fair competition and prevention of doping at the
Tokyo Olympics, among other competitions. The results of that
testing reflected Athlete-1's use of human growth hormone.

b.    On or about July 30, 2021, Athlete-1 was
provisionally suspended from Olympic competition, including in
the women's 100m semi-finals set to take place that same
evening. Athlete-1 later failed in her appeal of that
suspension, and received a multi-year ban from competition.

12.    On or about August 2, 2021, officers of Customs
and Border Protection ("CBP"), pursuant to their border search
authority and utilizing a passcode provided by Athlete-1,
conducted a limited review of a cellphone in the possession of
Athlete-1, *i.e.*, the Athlete-1 Phone, as she was returning to
the United States from Tokyo, Japan. The CBP officers, along
with a Special Agent of the FBI, preserved copies of a series of
WhatsApp messages, including a series of WhatsApp encrypted
voice messages, from the Athlete-1 Phone, and thereafter
provided me with copies of the same. These communications were
obtained from a chain of text and voice communications with a
contact identified in the Athlete-1 Phone as "Eric Lira Doctor,"
*i.e.*, ERIC LIRA, the defendant, and that contact is listed in
the Athlete-1 Phone as using the Lira Number. From my review of
these files and messages, I have learned, among other things,
that:

a.    On or about November 8, 2020, Athlete-1
directed LIRA to visit a website,
https://superhumanstore.com/shg. From my review of this website,
which remains publicly accessible as of the date of this

7

Complaint, I have found that Superhumanstore.com is an online marketplace for various performance enhancing drugs. The website offers to sell, among other things, growth hormone and IGF. *See* SuperHumanStore.com, "Growth Hormone," *available at* https://www.superhumanstore.com/shg/shop/product-tag/growth-hormone/ (last visited December 28, 2021).

> b.  On or about November 17, 2020, Athlete-1 requested that LIRA provide her with 4 vials or doses of "honey" (which, based on the timing and content of the communication, as well as on the drugs later found at the Residence, I understand to be a reference to human growth hormone) and 2 vials or doses of "epo," that is, erythropoietin.

> c.  On or about November 18, 2020, Athlete-1 and LIRA corresponded regarding TB-500, IGF, and gonadotropin (a peptide hormone on the Prohibited List). Athlete-1 asked LIRA what quantity of these drugs she would need for both herself and Athlete-2.

> d.  On or about April 13, 2021, LIRA wrote to the Athlete-1 Phone, "I will send you the 2 honeys an[d] 4 bac water." I understand that "bac water" refers to bacteriostatic water, a sterile solution used to dilute or dissolve injectable medications.

> e.  On or about April 14, 2021, in the course of a conversation about drugs provided to Athlete-1 by LIRA, Athlete-1 wrote, "This one is giving me a hard time to use too . . . I have mixed it but it's not setting right like the Genotropin.[4] I don't want to waste it." In reply, LIRA wrote, "[Athlete-1]. . . let's do video call in a few minutes."

> f.  On or about June 1, 2021, Athlete-1 sent a list of drugs to LIRA, writing, "List of this we will need also / honey / iron / glucose water / igf / Tb 500 / Epo."

> g.  Also on or about June 1, 2021, in the course of a conversation about booking travel for LIRA from El Paso, Texas, to visit Athlete-1 in Florida, Athlete-1 requested "Eric Lira Doctor" to provide his "full name date of birthday," to

---

[4] Genotropin is the Pfizer brand name for a prescription recombinant human growth hormone. *See* Genotropin.com, "Prescribing Information," *available at* http://labeling.pfizer.com/ShowLabeling.aspx?id=577 (last visited on December 28, 2021).

8

which LIRA replied "Eric Lira / Male / [Date of birth in the year 1980]."

h.   On or about June 7, 2021, LIRA, while in New York City, and during a period that the cellular telephone associated with the Lira Number was transmitting communications through cell towers in the Southern District of New York (as reflected in geolocation data provided by the service provider for the Lira Number), engaged in further conversations with Athlete-1 about LIRA's intent to travel from New York, to El Paso, and then to Florida, for the purpose of providing misbranded performance enhancing drugs to Athlete-1 and Athlete-2. For example, at approximately 10:12 a.m., Athlete-1 transmitted a voice message to LIRA: "Hey Eric, I just sent you $2,500, can you confirm it via Zelle [an electronic payment application]? And also, remember I told you [Athlete-2] had hurt his hamstring, so anything that will help the hamstring really heal fast you can actually bring it as well, ok?" After further discussing Athlete-1's payments to LIRA, Athlete-1 continued, at approximately 10:29 a.m.: "I had a bad race yesterday, Eric. 11.02. Upset, angry, and disappointed. . . . You have L arginine injection?"

i.   On or about June 13, 2021, Athlete-1 wrote to LIRA, "So I took 2000ui of the E yesterday, is it safe to take a test this morning?" LIRA replied, "Good day [Athlete-1] . . . . 2000 ui is a low dosage." Athlete-1 replied further, "Remember I took it Wednesday and then yesterday again / I wasn't sure so I didn't take a test / I just let them go so it will be a missed test."

j.   On or about June 22, 2021, Athlete-1 wrote to LIRA, "Hola amigo / Eric my body feel so good / I just ran 10.63 in the 100m on Friday / with a 2.7 wind / I am sooooo happy / Ericccccccc / Whatever you did, is working so well."

k.   On or about July 19, 2021 (that is, the same day of Athlete-1's blood collection resulting in a finding of human growth hormone), Athlete-1 wrote to LIRA, "In Slovakia. Leaving for Tokyo on Saturday. . . . Any final word doctor? I know we can't do much at this moment." LIRA replied, "What you did . . . is going to help you for the upcoming events. You are doing your part and you will be ready to dominate" (ellipsis in original).

9

1.   On or about July 30, 2021 (that is, the same date as Athlete-1's provisional suspension, described above), Athlete-1 wrote to LIRA, "Call me urgently. . . [t]hey said one of my result came out positive on HGH  . . . I don't understand." Athlete-1 then sent to LIRA a copy of a test result reflecting the positive test result for human growth hormone resulting from her July 19, 2021, blood sample, described above.

13.   In addition to listing "Eric J Lira" as the named subscriber, subscriber information provided by T-Mobile relating to the Lira Number reflects that the Lira Number's billing address is the El Paso Address, that is, the same address listed on the parcel discovered by Individual-1, described above, and that the subscriber's date of birth is the same as that provided by LIRA in the quoted communication in paragraph 12(g), above.

14.   I have reviewed records produced by a particular bank located in El Paso, Texas ("Bank-1"), from whom ERIC LIRA, the defendant, applied for a Paycheck Protection Program loan in or about March 2021. Among the information and materials submitted in connection with that loan application was a copy of LIRA's Texas driver's license listing the El Paso Address as LIRA's residence, as well as application materials stating that LIRA's contact number was that associated with the Lira Number as reflected on the Athlete-1 Phone.

15.   From my review of publicly available information obtainable through the State of Texas, as well as social media accounts maintained by ERIC LIRA, the defendant, I have learned, among other things:

a.   According to publicly available information maintained by the Texas Comptroller of Public Accounts, LIRA, using the El Paso Address, is listed as the managing member of "Med Sport LLC." Apart from a publicly reported Paycheck Protection Program loan, I have been unable to find any open source information regarding the activities of Med Sport LLC.

b.   LIRA refers to himself on certain social media platforms as a "kinesiologist and naturopathic ND." From my review of online resources available through an organization known as the American Association of Naturopathic Physicians, I have learned, among other things, that "[n]aturopathic doctors are educated and trained in accredited naturopathic medical colleges. They diagnose, prevent, and treat acute and chronic illness to restore and establish optimal health by supporting

10

the person's inherent self-healing process."[5] However, "naturopathic doctors" are not among the class of licensed health care professionals with the authority to issue prescriptions in many states, including in Texas, New York, and Florida.

c.   LIRA does not appear as a listed licensee on the publicly accessible license verification pages for the Texas Medical Board, the Texas Board of Physical Therapy Examiners, the New York State Office of the Professions (as either a physician or a physical therapist), or the Florida Department of Health (encompassing licensee data for, among other groups of professionals, the Board of Naturopathic Medicine).

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of ERIC LIRA, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s authorized electronic signature
_____
Special Agent Ryan Serkes
Federal Bureau of Investigation


Sworn to by reliable electronic means,
in accordance with Fed. R. Crim. P. 4.1,
this 29th day of December, 2021

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

---

[5] *See* What is a Naturopathic Doctor?, AMERICAN ASSOCIATION OF NATUROPATHIC PHYSICIANS, *available at* https://naturopathic.org/page/WhatisaNaturopathicDoctor (last visited Dec. 28, 2021).

Mod AO 442 (09/13) Arrest Warrant      AUSA Name & Telno: **Andrew Adams (212-637-2340)/ Sarah Mortazavi  (212-637-2520)**

# UNITED STATES DISTRICT COURT
for the

## Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.        21mag12412 |
| Eric Lira | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     Eric Lira                                                                                      ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment        ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

   21 USC 2402 & 2403 (International Sport Doping)
   18 USC 371 (Conspiracy)

Date:     12/29/2021                             _____
                                                                         *Issuing officer's signature*

City and state:    New York, New York                 _____
                                                                            Hon. Sarah Netburn
                                                                         *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                       _____<br>*Arresting officer's signature* |
| _____<br>*Printed name and title* |

**FILED**

January 12, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **Fidel Morales** _____

DEPUTY

United States District Court
Western District of Texas
El Paso Division

United States of America,
      Plaintiff,

      v.

Eric Lira,
      Defendant.

Case no.    EP: 22-m-57-MAT

### United States' Motion to Detain Defendant Without Bond and Motion for Continuance

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and pursuant to 18 U.S.C. § 3142(e) and (f), files this, its Motion to Detain Defendant Without Bond and Motion for Continuance, and for cause, would respectfully show unto the Court the following:

1.      The Defendant was arrested on a warrant out of the Southern District of New York, charging the Defendant with a violation of 21 U.S.C. § 2402 & 2403, International Sport Doping; and 18 U.S.C. § 371 & 2, Misbranding Conspiracy.

2.      The Defendant is a dual citizen of the United States and Mexico, he owns businesses in Mexico and crosses the international border about six times per week and he possesses a Mexican passport. For these reasons, he presents a high risk of fleeing the jurisdiction to avoid prosecution on this charge.

3.      There are no conditions or combination of conditions which will reasonably assure the appearance of the Defendant at future court settings.

The Government would further move the Court for a three day continuance of the detention hearing from the date of the initial appearance.

WHEREFORE, premises considered, the Government respectfully prays the Court to hold the above-named Defendant without bail pending the final outcome of this case.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By: *Mallory J. Rasmussen*
MALLORY J. RASMUSSEN
Assistant U.S. Attorney
Illinois Bar #6306034
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

# UNITED STATES DISTRICT COURT

WESTERN _____ District of    TEXAS

UNITED STATES OF AMERICA
V.

**APPEARANCE BOND**

ERIC LIRA

Defendant

FILED
2022 JAN 21 AM 8:38
CLERK US DISTRICT
WESTERN DISTRICT
BY _____ TEXAS
DEPUTY

Case Number: EP-22-M-00057-MAT

Non-surety: I, the undersigned defendant acknowledge that I and my ...

Surety: We, the undersigned, jointly and severally acknowledge that we and our ...

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of

$ _____100,000_____ , and there has been deposited in the Registry of the Court the sum of

$ _____100,000_____ in cash or __SURETY_____ (describe other security.)

The conditions of this bond are that the defendant _____ERIC LIRA_____

(Name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on  01/21/2022  a  EL PASO, TEXAS

Date                                    Place

Defendant _____  Address .

ERIC LIRA

Surety __AMIGO BAIL BONDS__  Address _501 N.;KANSAS  EL PASO,TX 79901_

Surety _____  Address _501 N.KANSAS EL-PASO, TX 79901_

Signed and acknowledged before me   1/21/2022

Date

Judge/Clerk

Approved _____

24

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. EP-22-MJ-00057-MAT |
| | § | |
| (1) ERIC LIRA, | § | |

## ORDER SETTING CONDITIONS OF RELEASE

On January 18, 2022, the defendant appeared before the undersigned:

☐    For an initial appearance and the conditions of the defendant's release were set.

☐    For a detention hearing and, pursuant to agreement of the parties, the conditions of the defendant's release were set.

☒    For a detention hearing and the Court found that there are conditions or a combination of conditions that will reasonably assure the defendant's presence as required and/or the safety of the community

**IT IS ORDERED** that the defendant's release is subject to these conditions:

(1)    The defendant must not violate federal, state, or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.  The defendant is ordered to reside at:

☒    Other Address:
Cellular Telephone:

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:

*If blank, defendant will be notified of next appearance.*

(5)    The defendant must sign an Appearance Bond, if ordered.

1

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

**IT IS FURTHER ORDERED** that the defendant's release is subject to the conditions marked below:

☐    **(6)**    **The defendant is placed in the custody of:**
Person or organization:
Address (only if above is an organization):
City and state:
Tel. No.:
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____    _____
                   Custodian                                           Date

**(7)**    **The defendant must:**
☒    (a) submit to supervision by and report for supervision to Pretrial Services.
☒    (b) continue or actively seek employment.
☐    (c) continue or start an education program.
☒    (d) surrender any passport to Pretrial Services
☒    (e) not obtain a passport or other international travel document.
☒    (f) abide by the following restrictions on personal association, residence, or travel:
     •   The defendant shall not travel to Mexico or any other foreign country without permission from the Court.
     •   The Defendant shall remain in El Paso County, Texas and be allowed to travel to the Eastern and Southern District of New York for purposes of this case only. Defendant may not otherwise depart El Paso County, Texas unless, prior to departure, permission has been granted by the supervising Pretrial Services Office. **Without Court authorization, but with prior consent of the supervising Pretrial Services Office, Defendant may travel to and from El Paso County, Texas and the Eastern and Southern District of New York for purposes of this case only.**
☒    (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, or with any co-defendant.
☐    (h) get medical or psychiatric treatment as directed by Pretrial Services.
☐    (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:_____
☐    (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
☒    (k) not possess, or otherwise have custody of a firearm, destructive device, or other dangerous weapon.
☒    (l) not use alcohol ☒ at all ☐ excessively.
☒    (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
☐    (n) submit to testing for a prohibited substance as directed by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
☐    (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling as directed by the pretrial services office or supervising officer.
☒    (p) participate in one of the following location restriction programs and comply with its requirements as directed.

2

    ☒    **(i) Curfew. You** are restricted to your residence every day ☒ from 10:00 p.m. to 6:00 a.m., or ☒ as directed by the pretrial services office or supervising officer; or

    ☐    **(ii) Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

    ☐    **(iii) Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

    ☐    **(iv) Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
        **Note: Stand Alone Monitoring** should be used in conjunction with global positioning system (GPS) technology.

☒    (q) submit to the following location monitoring technology and comply with its requirements as directed:

    ☐    (i) Location monitoring technology as directed by the pretrial services or supervising officer; or

    ☐    (ii) Voice Recognition; or

    ☒    (iii) Radio Frequency; or

    ☐    (iv) GPS.

☒    (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

☒    (s) shall obtain and maintain a landline during the pendency of this case.

☒    (t) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

☐    (u) _____

**(8)**    **Adam Walsh Conditions. The defendant must:**

☐    (a) Participate in the Computer Restriction and Monitoring Program and abide by all the rules and requirements of the program which will include manual inspection and/or the installation of computer monitoring software as deemed appropriate by Pretrial Services. The program will require the inspection of any computer; internet connected devices, wireless devices, modems, routers, or streaming media sticks, etc., located at your residence or place of employment. The program requires disclosure of the Internet Service Provider (ISP) information and username and passwords for computers, email accounts, and social network accounts. Pretrial Services will employ the use of electronic detection devices to evaluate access to Wi-Fi connections and assess compliance with conditions of release. Any attached or unattached buildings or structures or vehicles located at the residence are subject to inspection to assess compliance with this condition of release.

    ☐    (i). No Computers: The defendant is prohibited from possession and/or use of computers or connected devices.

    ☐    (ii). Computer-No Internet Access: The defendant is permitted use of one (1) computer or connected device or as ordered by the Court but IS NOT permitted access to the Internet. (World Wide Web, FTP Sites, IRC Servers, Instant Messaging, etc). Installation of Computer Monitoring Software is required.

    ☐    (iii). Computer with Internet Access: The defendant is permitted use of one (1) computer or connected device or as ordered by the Court and IS permitted access to the Internet for LEGITIMATE AND NECESSARY purposes as pre-approved by Pretrial Services at ☐ Home ☐ Employment ☐ School/Education. Installation of Computer Monitoring Software is required.

    ☐    (iv). Consent of Other Residents: By consent of other residents in the home, any computers, and internet connected devices in the home utilized by other residents shall be approved by Pretrial Services and subject to inspection for compliance with conditions of release and verification that these devices are password and/or biometrically protected.

☐    (b) Participate in Specialized Treatment Services designed for pretrial defendants charged with or convicted of a sexual offense as directed by the Pretrial Services Officer.

3

☐      (c) Must not obtain, view, or possess any sexually explicit, sexually graphic, or erotic materials including images, movies, and printed material, in any form.

☐      (d) Must have no contact with minor children under the age of eighteen and will not reside in a household where the victim(s) or minor children live unless approved by the Court.

☐      (e) Unless prohibited by another Judicial Officer, the defendant may have supervised contact with his/her minor children under the presence of a parent, guardian, or third party custodian who is aware of and understands the nature of the offense(s) charged.

☐      (f) Must not visit any areas within 100 yards of any school, day care center, park, or other place where children congregate.

☐      (g) Must not obtain employment or participate in any volunteer activity during which there is unsupervised contact with minors under the age of eighteen.

☐      (h) Must comply with the Sex Offender Registration and Notification Act (SORNA), state and local sex offender registration requirements.

☐      (i) Must not open any new lines of credit or bank accounts without prior approval of Pretrial Services. The defendant must provide financial statements as requested by Pretrial Services.

**(9)**      **Other Conditions:**

**The defendant must be drug tested within ten (10) days of release.**



4

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:
YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

1. an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
2. an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
3. any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
4. a misdemeanor – you will be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

(1) Eric Lira
Defendant's Signature

### Directions to the United States Marshal

The defendant is **ORDERED** released after processing.

**SIGNED AND ENTERED** on January 21, 2021.

**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**

5

29

VERIFY FIRST - THIS DOCUMENT IS PRINTED IN RED & BLACK INKS.

**Only the original Power of Attorney will bind this Surety.**

# POWER OF ATTORNEY
## ALLEGHENY CASUALTY COMPANY
P.O. BOX 9810, CALABASAS, CA 91372-9810
(800) 935-2245  INFO@AIASURETY.COM

**POWER NUMBER** AF100K-1832

**THIS POWER VOID IF NOT USED BY:** February 28, 2022

**POWER AMOUNT $** 100,000

KNOW ALL MEN BY THESE PRESENTS, that ALLEGHENY CASUALTY COMPANY, a corporation duly organized and existing under the laws of the State of New Jersey, has constituted and appointed, and does hereby constitute and appoint, its true and lawful Attorney-in-Fact, with full power and authority to sign the company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the company as fully and to all intents and purposes as if done by the regularly elected officers of said company at its home office in their own proper person; and the said company hereby ratifies and confirms all and whatsoever its said Attorney-in-Fact may lawfully do and perform by virtue of these presents.

THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED, THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF

ONE HUNDRED THOUSAND************************************·

AND MAY BE EXECUTED FOR FEDERAL BAIL RECOGNIZANCE ONLY.

A separate Power of Attorney must be attached to each bond executed. Powers of Attorney must not be returned to Attorney-in-Fact, but should remain a permanent part of the court records.

---

Bond Amt $ _100,000_   Date Executed _1-20-22_

Defendant _LIRA, ERIC_   D.O.B. _

Case # _EP-22-M-00057-MAT_ Appearance Date _____

Offense _In-transit_

Court County _U.S.D.C_   Total Premium Charged _____

Court City _EL PASO_   Court State _TX_   Div./Dept. _____

If rewrite, give orig. power # _____   ☐ Increase ☐ Decrease

Executing Agent _____
Signature/if applicable, add your COURT assigned Agent #

Form# ACC.0102 (01/19)

**ORIGINAL**

**NOTICE: Stacking of Powers is strictly prohibited. No more than one power from this Surety may be used to post any one bail amount.**

IN WITNESS WHEREOF, said ALLEGHENY CASUALTY COMPANY, by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate corporate seal, signed by its Vice Presidents, this 5th day of November 2018.

Robert Keranick, Vice President

James D. Portman, Vice President

**FEDERAL BAIL RECOGNIZANCE ONLY**

1203077787

30